UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 20-60563-CIV-CANNON/HUNT

CARLOS CRUZADO,

    Plaintiff,

v.

ANDREW SAUL,
COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Plaintiff's Petition for Attorneys' Fees Pursuant to the Equal Access to Justice Act, 28. U.S.C. § 2412(d) ("Motion"). ECF No. 35. The Honorable Aileen M. Cannon, United States District Court Judge, referred this Matter to the undersigned United States Magistrate Judge for a Report and Recommendation. ECF No. 36; *see also* 28 U.S.C.A. § 636(b); S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the Motion, the entire case file, the applicable law, and being otherwise fully advised in the premises, the undersigned respectfully RECOMMENDS that Plaintiff's Motion, ECF No. 35, be GRANTED as set forth below.

## BACKGROUND

Carlos Cruzado ("Plaintiff") initiated this action for judicial review of a final decision of the Commissioner of Social Security on March 16, 2020. ECF No. 1. On December 1, 2020, Defendant filed an unopposed motion for entry of judgment under sentence four

of 42 U.S.C. § 405(g), requesting that the Court enter a judgment with remand to the Commissioner. ECF No. 31. Judge Cannon granted the unopposed motion and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 34. Plaintiff then filed an Unopposed Petition for Attorneys' Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d). ECF No. 35. Plaintiff requests attorneys' fees in the amount of $5,990.25 for 29.4 hours of work at an hourly rate of $203.75. As stated, the Motion is unopposed, and Defendant did not file any response.

## DISCUSSION

"Under EAJA, a party is entitled to an award of attorney's fees if: (1) the party prevailed in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the party timely files an application for attorney fees; (4) the party had a net worth of less than $2 million when the complaint was filed; and (5) no special circumstances would make the award of fees unjust." *Ochoa v. Comm'r of Soc. Sec.*, No. 19-80802-CIV-MATTHEWMAN, 2020 WL 4208042, at *1 (S.D. Fla. July 22, 2020) (citing 28 U.S.C. § 2512(d); *Delaney v. Berryhill*, No. 17-81332-CIV-BRANNON, 2018 WL 7820219, at *1 (S.D. Fla. Nov. 14, 2018)). A social security plaintiff is deemed a prevailing party when obtaining a sentence four remand. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

Here, Plaintiff has satisfied the four requirements. First, Plaintiff is considered a prevailing party because the Court has remanded the case under sentence four. Second, in the Motion, Plaintiff argues that the Government's position was not substantially justified. Given that the Motion is unopposed and that this was remanded by agreement, the undersigned finds that Plaintiff has met her burden of showing a lack of substantial

justification for the purposes of prevailing on the Motion. Third, the Motion was timely filed because Plaintiff moved for attorneys' fees well within thirty days after the entry of judgment. *See* 28 U.S.C. § 2412(d)(1)(B). Fourth, Plaintiff has satisfied the net worth requirement because Plaintiff stated he had zero income or assets in his motion to proceed *in forma pauperis.* ECF No. 5. Finally, the undersigned does not find any special circumstance to make an award of fees unjust.

In regard to the amount of fees, the EAJA provides that "[t]he amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

Plaintiff's counsel requests fees at an hourly rate of $203.75. Counsel contends that the statutory rate of $125 is subject to a cost of living adjustment as the EAJA took effect in March 1996. ECF No. 35 at 5. The undersigned finds that the hourly rate is within the range of market rates for South Florida attorneys who represent plaintiffs in similar actions. "The Supreme Court has implied that applying a cost-of-living adjustment under the EAJA is next to automatic." *Meyer v. Sullivan*, 958 F.2d 1029, 1035 n.9 (11th Cir. 1992). Thus, the undersigned finds that the requested hourly rate is warranted.

In regard to the 29.4 hours counsel seeks, the undersigned finds the hours for which counsel seeks compensation are reasonable. The undersigned has reviewed counsel's billing entries and notes that counsel has not billed time for various billing entries and finds that the hours counsel has billed for are reasonable. ECF No. 35 at 2-

3

3. Accordingly, the undersigned concludes that $5,990.25 represents a reasonable fee in this case and recommends that such be awarded.

Under the EAJA, attorneys' fees awards are payable to the Plaintiff and subject to offset to satisfy any pre-existing debt that the litigant owes to the United States. *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). Pursuant to the Motion, Plaintiff requests that the fees sought be paid to Plaintiff's attorney after Defendant verifies whether Plaintiff owes a debt to the United States that is subject to offset. The undersigned recommends that the District Court grant this request because the Motion indicates that Plaintiff has no objection and has assigned any interest in the EAJA fee award to his counsel.

## **RECOMMENDATION**

For the reasons set forth above, the undersigned hereby RECOMMENDS that Plaintiff's Motion, ECF No. 35, be GRANTED and that the District Court award Plaintiff attorneys' fees in the amount of $5,990.25.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE and SUBMITTED at Fort Lauderdale, Florida, this 14th day of January 2021.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Aileen M. Cannon
All Counsel of Record